FILED
FEB 26 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Joshua L. Hedlund<br>Brent A. Tageson,<br><br>        Defendant.<br>_____ / | No. CR06-00346- DLJ<br><br>**ORDER FOR PRETRIAL PREPARATION** |

Good cause appearing, IT IS HEREBY ORDERED that:

    **A. TRIAL DATE.** Trial before the JURY shall begin on Monday 9/10/07, at 9:00AM in Courtroom 1.

    **B. TRIAL LENGTH.** The estimated length of trial is 3 weeks.

    **C. MOTIONS.** All motions shall be heard on Friday, 9/7/07 at 11:00AM in Courtroom 1. All motions shall be filed and served by 8/24/07. Any opposition shall be filed and served by 8/31/07.

Before filing any motion, counsel for each party shall confer concerning any matter covered by Crim L.R. 17.1-1 relevant to the case, in particular subparagraphs (1), (2) and (3).

    **D. PRETRIAL CONFERENCE.** A Pretrial Conference shall be held on Friday 9/7/07, at 11:00AM in Courtroom 1. Not less than three days before the Pretrial Conference, counsel for the Government shall:

    (1) Serve and file a trial memorandum briefly stating the legal bases for the charges and the anticipated evidence, and addressing any evidentiary, procedural or other anticipated legal issues;

(2) Serve and file a list of all witnesses who may be called, together with a brief summary of the testimony of each;

(3) Serve and file proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Court's standard instructions (which are published in the Ninth Circuit Manual of Model Jury Instructions);

(4) Serve and lodge a proposed form of verdict and proposed questions for jury voir dire; and

(5) Serve and lodge copies of all exhibits to be offered at trial, together with a complete list of those exhibits. Each item shall be premarked using the form attached; generally, the government shall use numbers and the defendant shall use letters. (See attachment)

Not less than three days before the Pretrial Conference, defense counsel shall comply with subparagraphs (3) and (4) above, and, to the extent consistent with the defendant's right to an effective defense, with subparagraphs (1), (2) and (5) above.

In particular, counsel shall confer in advance and be prepared to discuss with the Court any anticipated evidentiary objections and any means for shortening and simplifying the trial (e.g., by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.)

E. COPIES. Each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.

F. TRANSCRIPTS. If transcripts will be requested during or immediately after trial, arrangements must be made with the Court Reporter at least one week before trial commences. Call (510)637-3534

G. **CHANGE OF PLEA.** Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

Dated: February 26, 2007

_____
D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE

## GUIDELINES FOR PREPARATION OF JURY INSTRUCTIONS

The purpose of jury instructions is to inform jurors of the legal principles they must apply in deciding the case. It is essential, therefore, that instructions be written and organized so that they will be understood by the jurors. To this end counsel are requested to follow these guidelines in preparing jury instructions.

There will ordinarily be no need to submit procedural instructions. Standard procedural instructions for civil and criminal cases can be found in the Ninth Circuit Manual of Model Jury Instructions. Counsel may request revisions, additions or deletions in the standard instructions appropriate for the case.

Substantive instructions should be submitted as directed by the Order for Pretrial Preparation. Counsel may submit both preliminary instructions and instructions to be given at the close of the case. Instructions should be drafted for the particular case. This means that their text will be confined to what the jury needs to decide that case.

Instructions should be organized so as to state, first, the essential elements of the offense, claim or defense, followed by explanation or clarification of each element as needed in light of the facts of the case. Commonly, the explanation will give the jury the relevant factors to be considered.

The instructions as a whole should be organized into a logical sequence conforming to the analytical approach the jury should take to the case. If the Instructions cover controversial points of law, those should be discussed, with citation of authorities, in a brief accompanying memorandum.

In drafting instructions, counsel should keep in mind that instructions should be accurate, brief, concise, understandable, neutral, unslanted and free of argument.

Counsel should avoid submitting formula instructions, statements of abstract principles of law (even if taken from appellate opinions), lengthy recitations of the parties' contentions, additional cautionary instructions (unless clearly required), and instructions on permissible of prohibited inferences (this will normally be left to closing argument). For further guidance, consult 69 California L.R. 731 (May, 1981).

HELPFUL HINTS FOR TRIAL BEFORE JUDGE D. LOWELL JENSEN

1. The Judge will always enter the Courtroom before the Jury. If counsel has matters to discuss out of the presence of the Jury, counsel should notify the Clerk in advance or speak up as soon as the Judge is seated.

2. Whenever a party is going to submit more than 10 pages of exhibits, the Judge's copy of such exhibits shall be organized in a simple 3-ring binder, tabbed individually, with exhibit tags. Plaintiff's are to use numbers and Defendant's are to use letters. If there are multiple Plaintiff's or Defendant's, exhibits should be identified by party name and mark. (i.e. Jones-A, Smith-A or Jones-1, Smith-1)

3. A copy of the final and complete exhibit list and witness list shall be provided to the Courtroom Clerk and Court Reporter on the first day of trial.

4. Provide to the Court any exhibits not previously provided as soon as they are identified.

5. During trial, give original exhibits to Courtroom Clerk only after the exhibit has been admitted into evidence.

6. Announce each new witness.

7. Identify each exhibit by designation each time it is used.

8. Barring unusual circumstances, trial will not be conducted on Fridays; deliberations yes, trial no. Regular hours are generally 9:00am - 4:00pm.

9. Plaintiff sits at the table closest to the jury box.

10. If counsel has any questions not covered in this order, please do not hesitate to call Frances Stone at (510)637-3540.

# UNITED STATES DISTRICT COURT
## for the Northern District of California

Case No. _____   Date _____

_____ vs. _____

# EXHIBIT LIST

☐ Plaintiff   ☐ Defendant

| EXHIBIT NUMBER | DESCRIPTION | SPONSORING WITNESS | DATE | |
|---|---|---|---|---|
| | | | Marked for Identification | Admitted in Evidence |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Plaintiff's Exhibit Markers | Defendant's Exhibit Markers |
|---|---|
| π PLAINTIFF π<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk | Δ DEFENDANT Δ<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk |
| π PLAINTIFF π<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk | Δ DEFENDANT Δ<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk |
| π PLAINTIFF π<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk | Δ DEFENDANT Δ<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk |
| π PLAINTIFF π<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk | Δ DEFENDANT Δ<br>**United States District Court**<br>**Northern District of California**<br>Case No. _____<br>Case Title _____<br>Exhibit No. _____<br>Date Entered _____<br>By: _____ Richard W. Wieking, Clerk, Deputy Clerk |